UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| DANIEL JOSE GOMEZ,<br><br>Petitioner,<br><br>vs.<br><br>ROBERT DOOLEY, ATTORNEY GENERAL OF THE STATE OF SOUTH DAKOTA,<br><br>Respondents. | 4:21-CV-04085-RAL<br><br>OPINION AND ORDER GRANTING RESPONDENTS' MOTION TO DISMISS |

Petitioner Daniel Jose Gomez filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. Doc. 1. Respondents' move to dismiss and Gomez moves to appoint counsel and to electronically file. Docs. 6, 8, 12.

**I. Judicial Notice**

First, Respondents ask this Court to take judicial notice of the judicial rulings in Gomez's state criminal case, CRI 08-286, and his state habeas case, CIV-09-389. Doc. 9 at 1. Under the Federal Rules of Evidence Rule 201 a court may take judicial notice of "a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Respondents filed the judicial opinions and judgments from Gomez's state record. See Doc. 9. "A district court may properly take judicial notice of items in the public record, such as judicial opinions." Thompson v. R.J. Reynolds Tobacco Co., 760 F.3d 913, 918 (8th Cir. 2014) (citing Kent v. United of Omaha Life Ins. Co., 484 F.3d 988, 994 n.2 (8th Cir. 2007)). Because the judicial

opinions and judgments that Respondents filed are a part of the state public record, this Court takes judicial notice of these documents and will rely on them for the factual background.

## II. Factual Background

On September 23, 2008, South Dakota First Judicial Circuit Court Judge Steven. R. Jensen[1] entered judgment against Gomez for one count of Second Degree Escape in violation of SDCL § 22-11A-2.1. Doc. 9-1 at 3-5. Gomez was sentenced to 180 days with five years suspended and he was to remain on supervised probation for five years. Id. at 4-5. He was also given a time served credit for 62 days. Id. Gomez's judgment was thereafter amended twice. See Docs. 9-2, 9-3.

On June 22, 2009, Gomez was found to have violated the terms and conditions of his probation and his sentence was re-imposed (five years in the South Dakota State Penitentiary, with three years suspended). Doc. 9-4 at 3-5. On September 29, 2009, Gomez filed his state petition for writ of habeas corpus. Doc. 9-5. His writ was denied by South Dakota First Judicial Circuit Court Judge Arthur L. Rusch on April 26, 2010. Doc. 9-7 at 2. On April 8, 2014, the South Dakota Department of Corrections (DOC) discharged Gomez from custody. Id. at 3. He filed his federal habeas petition on May 7, 2021 and Respondents' move to dismiss. Docs. 1, 8.

## II. Legal Analysis

Respondents assert that Gomez is not "in custody" for purposes of 28 U.S.C. § 2254. Doc. 9 at 5. When a petitioner has completed his/her sentence and has been discharged from parole they are no longer considered "in custody" for purposes of § 2254. Hogan v. Iowa, 952 F.2d 224, 225 (8th Cir. 1991). A federal court does not have subject matter jurisdiction "once the sentence for a conviction has completely expired" because the petitioner does not have

---

[1] He now is Chief Justice of the Supreme Court of South Dakota.

2

a habeas corpus remedy. Id. (quoting Maleng v. Cook, 490 U.S. 488, 492 (1989)). Gomez was discharged from DOC custody on April 8, 2014, and at the time he filed his complaint he was not in custody. Doc. 9-7 at 3. Thus, this Court does not have subject matter jurisdiction over Gomez's habeas petition.

Therefore, it is hereby

ORDERED that Respondent's motion to dismiss, Doc. 8, is granted. It is further

ORDERED that Gomez's pending motions, Docs. 6, 12, are denied as moot.

DATED July 21st, 2021.

                                          BY THE COURT:

                                          _____
                                          ROBERTO A. LANGE
                                          CHIEF JUDGE