UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| DANIEL JOSE GOMEZ, <br><br> Petitioner, <br><br> vs. <br><br> ROBERT DOOLEY, ATTORNEY GENERAL OF THE STATE OF SOUTH DAKOTA, <br><br> Respondents. | 4:21-CV-04085-RAL <br><br> ORDER DENYING PETITIONER'S MOTION FOR CERTIFICATE OF APPEALABILITY AND GRANTING PETITIONER'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL |

Petitioner Daniel Jose Gomez filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. Doc. 1. This Court granted Respondents' motion to dismiss for lack of subject matter jurisdiction because Gomez was not "in custody" when he filed his § 2254 petition. Doc. 15 at 3. Now, Gomez moves for a certificate of appealability and for leave to proceed in forma pauperis on appeal. Docs. 17, 18.

I. **Motion for Certificate of Appealability**

When Gomez filed this petition, he was not in custody of the South Dakota Department of Corrections. See Docket 15 at 3. "[A] state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition." Miller-El v. Cockrell, 537 U.S. 322, 335 (2003) (citing 28 U.S.C. § 2253). "Before an appeal may be entertained, a prisoner who was denied habeas relief in the district court must first seek and obtain a COA from a circuit justice or judge." Id. at 335–36. Such a certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A "substantial showing" is one that demonstrates "reasonable jurists would find the

district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This Court lacks subject matter jurisdiction over Gomez's petition and Gomez has failed to make a substantial showing that his constitutional rights were denied. See Doc. 15 at 3. Thus, a certificate of appealability is not issued. See 28 U.S.C. § 2253(c)(2) ("A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.").

## II. Motion for Leave to Proceed In Forma Pauperis on Appeal

Gomez filed a notice of appeal and moves for leave to proceed in forma pauperis on appeal. Docs. 16, 18. The filing-fee provisions of the Prison Litigation Reform Act do not apply to habeas corpus actions. Malave v. Hedrick, 271 F.3d 1139, 1140 (8th Cir. 2001). To determine whether a habeas petitioner qualifies for in forma pauperis status, the court need only assess (1) whether the petitioner can afford to pay the full filing fee, and (2) whether the petitioner's appeal is taken in "good faith." 28 U.S.C. § 1915(a)(1), (3). Gomez's appeal appears to be taken in good faith. After review of his financial affidavit, Doc. 18, this court finds that Gomez has insufficient funds to pay the $505.00 appellate filing fee.

Therefore, it is hereby

ORDERED that Gomez's motion for certificate of appealability, Doc. 17, is denied. It is finally

ORDERED that Gomez's motion for leave to proceed in forma pauperis on appeal, Doc. 18, is granted.

DATED July 27th, 2021.

BY THE COURT:

ROBERTO A. LANGE
CHIEF JUDGE

2